**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>QSR Steel Corporation, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-20562 (JJT) |
| King Steel Iron Work Corp.,<br><br>Plaintiff,<br><br>v.<br><br>QSR Steel Corporation, LLC, et al.,<br><br>Defendants. | Adv. P. No. 24-02021 (JJT)<br><br>Re: ECF No. 48 |
| King Steel Iron Work Corp.,<br><br>Plaintiff,<br><br>v.<br><br>QSR Steel Corporation, LLC, et al.,<br><br>Defendants. | Adv. P. No. 24-02023 (JJT)<br><br>Re: ECF No. 45 |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTIONS TO SET ASIDE DEFAULT**

Before the Court are two Motions to Set Aside Default (Motions, ECF No. 48 in 24-02021, ECF No. 45 in 24-02023) filed by the Defendants,[1] seeking that the

[1] The Defendants—QSR Steel Corporation, LLC, Philadelphia Indemnity Insurance Company, Glenn Salamone, David Rusconi, and Marc Mantia—are identical in each Adversary Proceeding.

Court set aside the Clerk's entries of default against them (Defaults, ECF No. 46 in 24-02021, ECF No. 43 in 24-02023). Because the Motions ask for identical relief based upon identical circumstances, the Court addresses both together. King Steel objected to both Motions (Objections, ECF No. 51 in 24-02021, ECF No. 48 in 24-02023), and the Court held a hearing on the Motions on November 12, 2026. For the following reasons, the Court grants to Motions, subject to the Defendants' strict compliance with the terms spelled out below.

Both of these Adversary Proceedings began in New York state court. After the filing of the underlying Chapter 11 case, the two were removed to the U.S. District Court for the Southern District of New York and eventually made their way here on December 11, 2024. In the nearly two years since, little progress has been made. At the beginning of this year, the Defendants' retiring counsel was permitted to withdraw. The Defendants were then allegedly unable to secure successor counsel until Attorney Barnaby appeared on May 10, 2026. Prior to that, King Steel sought and received entries of default in both Adversary Proceedings.

Despite making his appearance in May, Attorney Barnaby did not file the Motions until September 28, 2026. King Steel's Objections appropriately lay bare its frustrations with the Defendants' lack of alacrity in securing successor counsel despite being given a short window to do so. The Court shares that frustration and has been frequently troubled by the lack of diligence displayed by the Debtor and its principals at times and its impact on proceedings in these cases.

Under Rule 55(c) of the Federal Rules of Civil Procedure, as applied by Rule 7055 of the Federal Rules of Bankruptcy Procedure: "The court may set aside an entry of default for good cause[.]" "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These criteria are: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (cleaned up). The Second Circuit "interpret[s] willfulness, in the context of a default, to refer to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Id.* (cleaned up). As for meritorious defenses, "conclusory assertions . . . are insufficient to compel vacatur of an entry of default." *Id.* at 187. Instead, "the defendant must present evidence of facts that, if proven at trial, would constitute a complete defense." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010) (cleaned up).

"[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 175 (2d Cir. 2001) ("A clear preference exists for cases to be adjudicated on the merits."). Nevertheless, balancing these considerations does not excuse the defaulted party from "shoulder[ing] its burden of establishing that there

was good cause to reopen the default." *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986).

The delay associated with securing successor counsel was not entirely the Defendants' fault. Prior counsel was permitted to withdraw due to an impending retirement and career change. The Court understands that procuring successor counsel here is costly and difficult, due in part to the nature of the proceedings and the fact that we are in the middle of them. Attorney Barnaby's delay in filing the Motions can be partly attributed to the steep learning curve associated with the disputes. Thus, although it is a close call, the Court does not find that the delay was willful.

The pleadings also provide for meritorious defenses in the way of affirmative defenses and counterclaims. Without judging the merits of any of the colorable defenses asserted in these cases, the Defendants have met their burden on this prong.

The final prong is prejudice to the non-defaulting party. Unlike the others, this prong has been clearly demonstrated by the dilatory behavior demonstrated by the Debtor and its principals. The Court, however, is hesitant to proceed to default judgment where the prejudice to King Steel is disproportionate to the relief sought. Thus, to allay such prejudice (and in accordance with its powers under 11 U.S.C. § 105(a) and its inherent authority to manage its cases), the Court will condition setting aside the Defaults on the Defendants tendering $2,000 to King Steel's counsel, payable in good funds, within 14 days of the entry of this Order. Such

amount reflects an estimate of the costs associated with litigating the Defaults through multiple hearings and filings, which are wholly attributable to the Defendants' delays.

Moreover, the Court shall require the parties to submit a detailed pretrial scheduling order within 21 days of the entry of this Order, which sets the predicate and customary timelines for discovery and other pretrial preparations such that these Adversary Proceedings are ready for proposed trial dates that will be set by the Court to commence in May 2027. Any delay associated with either the submission of a pretrial scheduling order (to the extent attributable to the Defendants) or payment to King Steel's counsel may be met with denial of the Motions and proceeding to default judgment. There will be no further delays in these Adversary Proceedings.

Accordingly, it is hereby

ORDERED: The Motions are granted; and it is further

ORDERED: The Defendants shall tender $2,000 to Skolnick Legal Group, P.C., payable in good funds, within 14 days of the entry of this Order and shall certify on the docket of these Adversary Proceedings their compliance with this directive; and it is further

ORDERED: The parties shall submit a pretrial scheduling order as delineated above within 21 days of the entry of this Order; and it is further

ORDERED: Should the Defendants fail to timely perform the duties specified in this Order, the Court may reopen and reconsider the setting aside of the Defaults and allow King Steel to file motions for default judgment.

Dated: November 24, 2026
Hartford, Connecticut

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*